UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| JOSE ESEQUIEL ARREDONDO, | § |
| Petitioner, | § § § |
| v. | §   CRIMINAL ACTION NO. V-01-82-1 § § § § § § |
| | §   CIVIL ACTION NO. V-03-152 |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**MEMORANDUM & OPINION**

Pending before the Court are Jose Esequiel Arredondo's ("Arredondo") Application to Proceed *In Forma Pauperis* (Dkt. #47), Motion to Vacate Sentence Under 28 U.S.C. § 2255 (Dkt. #46), and Amended Motion to Vacate Under 28 U.S.C. § 2255 (Dkt. #42). Also pending before the Court is the Respondent's Motion for Dismissal (Dkt. #55). For the reasons set forth herein, Arredondo's application is denied,[1] Arredondo's § 2255 motions are denied, and the Respondent's motion is granted.

**Factual and Procedural History**

On November 15, 2001, a one count indictment was filed against Arredondo a/k/a David Benavides Ramirez in the Victoria Division of the Southern District of Texas. Arredondo was charged with being an alien who had previously been deported or removed from the United States, after having been convicted of a felony, and was found in the United States without having obtained the express consent of the United States Attorney General of the United States to reapply for

---

[1] No filing fee is required in a case filed under 28 U.S.C. § 2255. Therefore, Petitioner has no need to proceed in *forma pauperis* at this stage of the proceeding.

admission into the United States, in violation of 8 U.S.C. §§ 1326(a) and (b)(1).

On April 22, 2002, Arredondo pled guilty to the indictment in accordance with a written plea agreement entered pursuant to a Rule 11(e)(1)(B). A Revised Final Presentence Investigation Report was filed on August 9, 2002. On December 16, 2002, the Court sentenced Arredondo to seventy-seven months in the custody of the Bureau of Prisons, a three-year term of supervised release, and a $100.00 special assessment. The judgment of conviction was signed and entered on December 23, 2002. An amended judgment of conviction was signed and entered on March 10, 2003. Arredondo did not appeal his conviction or sentence. He filed the instant action on December 12, 2003. Arredondo then filed an amended § 2255 motion on June 14, 2004.

The facts leading to Arredondo's arrest and conviction are as follows. On October 6, 1995, Arredondo was convicted of the felony offense of unauthorized use of a motor vehicle in Victoria County for which he received a two year term of probation. Arredondo was deported from the United States on October 17, 1995. An Immigration Detention Enforcement officer witnessed Arredondo's deportation and departure at Laredo, Texas. Later, on November 1, 2001, Arredondo was found by Immigration and Naturalization Service officials in the United States in the Victoria County Jail in Victoria, Texas. Arredondo's confinement was subsequent to his arrest on a motion to revoke probation for the unauthorized use of a motor vehicle. During the presentence interview, Arredondo stated that he had illegally returned to the United States on August 21, 2001. Arredondo was represented at his sentencing by David R. Gutierrez ("Gutierrez").

**Standard**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's

jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

Arredondo's claims are couched as ineffective assistance claims. Such allegations presented in a § 2255 motion are properly analyzed under the two-prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052 (1984); *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. *Strickland*, 466 U.S. at 687. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. *United States v. Dovalina*, 262 F.3d 472, 474-75 (5th Cir. 2001). If the movant fails to prove one prong, it is not necessary to analyze the other. *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994), *cert. denied*, 514 U.S. 1071, 115 S. Ct. 1709 (1995) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

**Analysis**

The Court understands Arredondo to make the following claims:[2]

1. Whether defense counsel was ineffective for failing to object to the sentencing enhancements?

2. Whether defense counsel was ineffective for failing to object to Arredondo's previous deportation that was alleged without proof of deportation and which deportation was due to coercion?

3. Whether defense counsel was ineffective for failing to seek a downward departure based upon cultural assimilation.

The Court will address each of Arredondo's claims in turn.

**I.   Whether Counsel Was Ineffective for Allegedly Failing to Object to the Sentencing Enhancements**

In his § 2255 motion Arredondo asserts that his counsel failed to object to enhancements. This assertion is without merit. Gutierrez objected to the enhancements at Arredondo's sentencing hearing.[3] Specifically, he argued that Arredondo's prior convictions over-represented his level of criminality and that the addition of 16 points to his offense level was unjustly punishing him.[4] The Court responded by stating the following:

> Well, you – your comment, of course, I must agree to the extent that it is going to be very difficult for us to address that at this point. He has an opportunity to file a habeas action. He obviously didn't do that. Now to stand before me and simply say the facts aren't as they appear in the record and I didn't know what I was doing, and now it's too late, this is not the proceeding for me to make a finding that that's not

---

[2] The Court notes that in his response to Respondent's motion for dismissal (Dkt. #56), Arredondo notes that his attorney did not file a direct appeal of his sentence enhancements. He also notes that his lawyer did not respond to his request for documents and files regarding his case to assist him with his § 2255 motion. Arredondo, however, makes no argument that his counsel was ineffective because of these instances.

[3] *See* Transcript of Sentencing Hearing at 4-5.

[4] *Id.* a 6.

>an aggravated felony. I mean, he should have attacked that in a proceeding before now. I mean, I'll – the Court of Appeals would say that I don't have to simply take his word for the facts at this point and change the record which has found him guilty of what is an aggravated felony. If that is the extent of the objection, I'll overrule it on that offense.[5]

Based upon the clear fact of Gutierrez's objection as reflected in the sentencing transcript, Arredondo's claim must be rejected.

In his response to the Respondent's motion for dismissal, Arredondo refers to the *Booker* line of cases. *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005); *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348 (2000); *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004). To the extent Arredondo argues that his counsel was ineffective for failing to raise an *Apprendi*-type challenge based on the increases to the offense level, that claim is infirm. In his response, Arredondo appears to argue that his sentence was enhanced unlawfully because the aggravated felony which was the basis of his enhancement was not alleged in his indictment. Clearly established Fifth Circuit law at the time of his conviction and sentencing, however, showed that he was not entitled to relief. Specifically, *Apprendi* held that, "*[o]ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. 530 U.S. at 490, 120 S. Ct. at 2362-63 (emphasis added). Additionally, prior to *Apprendi*, the Supreme Court noted that:

>under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (*other than prior conviction*) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt.

*Jones v. United States*, 526 U.S. 227, 243 n. 6, 119 S. Ct. 1215 (1999) (emphasis added); *see also*

---

[5] *Id.* at 6-7.

5

*United States v. Cotton*, 535 U.S. 625, 627, 122 S. Ct. 1781 (2002). Thus, even if his counsel had argued that his sentence violated *Apprendi*, he cannot show that he would have received a different sentence because he is complaining about the failure to charge the fact of a prior conviction in his indictment. Accordingly, Arredondo cannot prove that his counsel was ineffective for failing to raise an *Apprendi*-type challenge based on the increases to the offense level.

Arredondo also appears to argue that his counsel was ineffective because he failed to object on *Booker* grounds. This Court cannot say that his attorney was deficient for failing to predict the *Blakely* and *Booker* decisions and raise an argument based thereon. *See, e.g., Campbell v. United States*, 108 Fed. Appx. 1, *3 (1st Cir. 2004) (failure to anticipate *Blakely* would not constitute unreasonable performance under *Strickland*, particularly in light of well-established law in circuit that was to the contrary). In sum, Defendant is entitled to summary judgment with respect to Arredondo's arguments regarding sentencing enhancements.

## II. Whether Defense Counsel Was Ineffective for Failing to Object to His Sentence at the Statutory Minimum Based upon His Previous Deportation

Arredondo has alleged that his defense counsel was ineffective for failing to object to the enhancement based upon his deportation because there was no proof of deportation and because the deportation was due to coercion stemming from his inability to afford to pay a $3,000 bail and to pay counsel.

Arredondo admitted in open court and to the probation officer during his presentence interview that he entered the United States illegally after being deported.[6]  A defendant's statements in open court carry a strong presumption of verity. *United States v. Lampazione*, 251

---

[6] *See* Transcript of Rearraignment Hearing at 19, 22; *see also* Revised Final Presentence Investigation Report at para. 4.

6

F.3d 519, 524 (5th Cir. 2001) (citing *Blackledge v. Allison,* 431 U.S. 63, 74, 97 S. Ct. 1621, 1629 (1977)). Moreover, Arredondo admitted guilt to the specified offense, when he pled guilty to the single count indictment. *See United States v. Broce*, 488 U.S. 563, 569, 109 S. Ct. 757 (1989) ("A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence."). Regarding Arredondo's assertion that his previous deportation was due to coercion, he has not presented any evidence to support his claim of coercion at his deportation proceeding.

Finally, in his response, Arredondo concedes "this matter." Therefore, in light of the above analysis, Arredondo's claim that his counsel was ineffective for failing to object to his sentence at the statutory minimum based upon his previous deportation is without merit because he cannot prove that his counsel's performance was deficient or that he was prejudiced thereby.

### III.   Whether Defense Counsel Was Ineffective for Failing to Seek a Downward Departure Based upon Cultural Assimilation

In his final claim, Arredondo alleges that his defense counsel was ineffective for failing to seek a downward departure under U.S.S.G. § 5K2.0, based on cultural assimilation. In his petition, Arredondo relies upon *United States v. Garcia - Garcia*, 939 F.2d 230 (5th Cir. 1991) in support of his argument. *Garcia* has nothing to do with using cultural assimilation for a downward departure. The Fifth Circuit, however, has held that cultural assimilation is a permissible basis for a downward departure. In *United States v. Rodriguez-Montelongo*, 263 F.3d 429, 433 (5th Cir. 2001), the defendant-appellee was a Mexican citizen who was brought to the United States in 1978. He later obtained legal resident status, received his education, and married and settled with his wife and four children in Colorado. *Id.* The defendant-appellee was convicted on a felony drug charge and deported on April 22, 2000. On April 30, 2000, he attempted to reenter the United States without

obtaining permission from the Attorney General to apply for readmission. *Id.* He later pleaded guilty to attempting to reenter the United States illegally. *Id.* The Court remanded the case to the district court, which was to consider whether the defendant-appellee was entitled to a downward departure. *Id.* at 434.

Though cultural assimilation is a permissible basis for a downward departure, the Court does not find that Arredondo's circumstances "are so atypical or extraordinary so as to warrant a downward departure on the basis of cultural assimilation." *See id.* Arredondo denied having any relatives in the United States and his wife and children all live in Mexico.[7] He apparently stated that he was also married to a woman named Connie Prado living in Austin, Texas, but never listed a phone number or an adequate address for her.[8] Based upon the evidence, it thus appears that Arredondo has no cultural ties to the United States. Therefore, Arredondo cannot demonstrate that he was prejudiced by his counsel's failure to seek a downward departure based upon assimilation.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability" ("COA"). 28 U.S.C. § 2253(c)(1)(A). Although Arredondo has not yet filed a notice of appeal, the Court nonetheless addresses whether he would be entitled to a COA. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further

---

[7] Revised Final Presentence Investigation Report at para. 44 & 45.

[8] *Id.* at para. 45.

briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595. 1604 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84, 120 S. Ct. at 1604).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604 (emphasis added).

The Court concludes that reasonable jurists could not debate the denial of Arredondo's § 2255 motion on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed further. *Miller-El*, 537 U.S. at 327, 123 S. Ct. at 1034 (citing *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604). Accordingly, Arredondo is not entitled to a COA as to any of his claims.

**Conclusion**

For the foregoing reasons, the Court hereby DENIES Arredondo's Application to Proceed *In Forma Pauperis* (Dkt. #47) and DENIES his Motion to Vacate Sentence Under 28 U.S.C. § 2255 (Dkt. #46) and Amended Motion to Vacate Under 28 U.S.C. § 2255 (Dkt. #42). The Court GRANTS Respondent's Motion for Dismissal (Dkt. #55). The Court also DENIES Arredondo a Certificate of Appealability.

It is so ORDERED.

**SIGNED** on this 14th day of August, 2006.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE